**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM DICKSON**, individually and on behalf of others similarly situated, | : | Case No. |
| Plaintiff, | : | |
| v. | : | **<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>** |
| **JSW STEEL USA OHIO, INC. d.b.a JSW USA,** | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

Named Plaintiff William Dickson ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Collective and Class Action Complaint against Defendant JSW Steel USA Ohio, Inc. d.b.a JSW USA ("Defendant") for its failure to pay employees all overtime wages earned, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111, and Ohio's Prompt Pay Act Ohio Rev. Code Ann. § 4113.15 ("OPPA").

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the FLSA and Ohio law for failure to pay employees for all compensable time, resulting in unpaid overtime and untimely wages.

2. Named Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and OPPA on behalf of other similarly situated employees employed by Defendant in Ohio.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is headquartered and operates in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

7. Named Plaintiff William Dickson was employed by Defendant from approximately May 8, 2023 until May 7, 2025, as an hourly, non-exempt production employee. Specifically, Named Plaintiff was employed by Defendant as a Ladle Controller at Defendant's facility located in Mingo Junction, Jefferson County, Ohio.

8. During his employment, Named Plaintiff worked 40 or more hours in one or more workweek(s).

9. During his employment, Defendant did not compensate Named Plaintiff for integral and indispensable work. As a result, Named Plaintiff was not fully and properly paid for all hours worked, including overtime wages, in violation of the FLSA and/or OMFWSA.

### B. Defendant

10. Defendant is a for-profit Ohio corporation with its headquarters located at 1500 Commercial Street, Mingo Junction, Jefferson County, Ohio 43938.

11. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant is engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1), in that it has employees, including Named Plaintiff and others similarly situated, engaged in commerce or in the production of goods for commerce.

13. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

### A. Defendant failed to pay Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.

#### Unpaid Shift Relief

14. Named Plaintiff and others similarly situated were required to complete shift "relief," during which the oncoming employee discussed how things were going and any issues that arose during the shift.

15. Named Plaintiff and others similarly situated are required to arrive early and/or stay late to complete "relief" at the beginning and/or end of their shifts.

16. However, Defendant generally only pay these employees beginning at their scheduled shift start until their scheduled shift end time, thereby failing to pay them for their compensable time spent completing "relief."

17. Receiving and giving relief is integral and indispensable to the work that Named Plaintiff and others similarly situated were hired to perform. For example, relief was mandated by Defendant because Named Plaintiff and others similarly situated could not perform their jobs effectively without first receiving and relaying critical worksite information during "relief." This shift relief process is essential to the continuity of Defendant's operations.

**Unpaid Donning and Doffing**

18. Named Plaintiff and others similarly situated were required to don and doff personal protective equipment ("PPE") before and after their scheduled shifts in order to perform their job duties safely. The PPE included a hard hat, face shield with neck drape, silver jacket, spats or leg protection, and gloves.

19. The use of this PPE was integral and indispensable to their principal activities because employees worked around liquid hot steel, chemical exposure, and machinery that could emit hazardous powder or become radioactive.

20. Named Plaintiff and others similarly situated could not perform essential duties without first donning this PPE .

21. For example, Named Plaintiff's job duties included maintaining the tundish, adding flux powder, or collecting steel temperature samples.

22. Defendant, however, did not compensate employees for the time spent donning and doffing PPE, resulting in unpaid work time in violation of the FLSA and Ohio law.

**Failure to Pay Correctly Calculated Overtime Rate (Regular Rate of Pay)**

23. Defendant failed to include all forms of compensation in the calculation of the regular rate for overtime purposes. Specifically, Named Plaintiff and others similarly situated received were eligible for production bonuses, but Defendant did not include these amounts when calculating overtime pay.[1] This resulted in further underpayment of overtime compensation.

[1] Without discovery, Named Plaintiff is unsure at this time whether the shift differential was properly included in the overtime calculations, but will seek an amendment if facts later reveal shift differential was not included.

24. Defendant's companywide policies described herein resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work that went unpaid.

25. Defendant failed to pay Named Plaintiff and others similarly situated for all wages earned.

26. Similarly, Named Plaintiff and others similarly situated routinely worked more than 40 hours per workweek. Therefore, Defendant failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime earned.

**Defendant's Recordkeeping and Willful Violations**

27. Defendant's conduct was willful, reckless, and in knowing violation of the FLSA. Despite being aware of their obligations under federal and state wage laws, Defendant deliberately failed to compensate employees for integral and indispensable pre- and post-shift work and all overtime earned. Defendant could have properly tracked and paid this time through its payroll and timekeeping systems but did not do so, evidencing a reckless disregard for its wage payment obligations.

28. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

29. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total

daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. §516.2.

30. Defendant kept records of hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

31. However, because of Defendant's policies described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

32. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly classified the unpaid work described herein as non-compensable. Such conduct had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

33. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

34. As a result of Defendant's companywide policy and/or practice described above, Defendant knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated hourly production employees for all wages that they actually earned, including overtime pay.

35. The exact total amount of compensation, including overtime compensation, Defendant failed to pay Named Plaintiff and others similarly situated is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

## FLSA COLLECTIVE ALLEGATIONS

36. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees of the following opt-in collectives:

> **All current and former hourly production employees of Defendant who worked at least one workweek during the three years (3) preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and performed shift relief (the "Shift Relief Collective" or " Shift Relief Members").**

> – and –

> **All current and former hourly production employees of Defendant who worked at least one workweek during the three (3) years preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and received additional compensation, including but not necessarily limited to, production bonuses (the "RROP Collective" or "RROP Collective Members").**

37. The foregoing collective will be referenced together as the "FLSA Collective" or "FLSA Collective Members".

38. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

39. During all relevant times, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages earned.

40. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

41. The identities of the putative FLSA Collective Members are known to Defendant and readily identifiable through Defendant's records. These individuals may readily be notified of

this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

### Ohio Class Action Allegations

42. Named Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant in Ohio defined as:

> **All current and former hourly production employees of Defendant who worked at least one workweek in Ohio during the two (2) years preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and performed shift relief (the "Shift Relief Collective" or " Shift Relief Members").**
>
> **– and –**
>
> **All current and former hourly production employees of Defendant who worked at least one workweek in Ohio during the three (3) years preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and received additional compensation, including but not necessarily limited to, production bonuses (the "RROP Collective" or "RROP Collective Members").**

43. The foregoing classes will be referred together as the "Ohio Class".

44. The Ohio Class is so numerous that joinder of all class members is impracticable. Named Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least forty (40) people.

45. There are questions of law or fact common to the Ohio Class including whether Defendant failed to its employees for all earned overtime.

46. Named Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with the interests of the Ohio Class members. Named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the class and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT ONE
### (FLSA Overtime Violations)

49. All preceding paragraphs are realleged as if fully rewritten herein.

50. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b).

51. The FLSA required that Defendant's non-exempt hourly employees receive overtime compensation when they worked in excess of 40 hours in a workweek.

52. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

53. Defendant failed to pay the required overtime compensation to Named Plaintiff and the FLSA Collective Members.

54. At all relevant times, Defendant knew they were required to pay Named Plaintiff and the FLSA Collective Members overtime compensation.

55. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

56. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to unpaid overtime compensation and liquidated damages pursuant to 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Overtime Violations)**

57. All preceding paragraphs are realleged as if fully rewritten herein.

58. Named Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek for Defendant.

59. The OMFWSA requires that Defendant pays its hourly non-exempt employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

60. During their employment with Defendant, Named Plaintiff and other similarly situated employees were required to perform unpaid compensable work, resulting in unpaid overtime in violation of the OMFWSA.

61. The unpaid work Plaintiff and other similarly situated employees performed was at Defendant's specific direction, or, alternatively, pursuant to an express provision of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

62. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

63. As a result of Defendant's practices, Named Plaintiff and other similarly situated employees have been damaged because they have not received wages due to them pursuant to the OMFWSA.

**COUNT THREE**
**(Ohio Prompt Pay Act Violations)**

64. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Named Plaintiff brings this claim for violation of the Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15, on behalf of himself and the Class Members.

66. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

67. There can be no dispute that Ohio law requires all work time to be paid and for overtime compensation to be properly calculated.

68. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent

of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of himself and all persons similarly situated, pray that this Honorable Court:

A. Authorize and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action under Fed. R. Civ. P. 23 as to the Ohio Class;

C. Find that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective Members, and the Ohio Class Members are entitled to prove their hours worked with reasonable estimates;

D. Enter judgment against Defendant, and in favor of Named Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class;

E. Award Named Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class actual damages for unpaid wages and/or overtime;

F. Award liquidated damages to Named Plaintiff and the Opt-Ins who join this case pursuant to the FLSA the maximum amount permitted by applicable law;

G. Award liquidated to damages to Named Plaintiff and the Class Members under OPPA;

H. Award Named Plaintiffs, the Opt-Ins who join this case pursuant to the FLSA, and the Ohio Class attorneys' fees, costs, and disbursements;

I. Award Named Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, and the Class further and additional relief as this Court deems just and proper.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH 0086195)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH 0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Named Plaintiff*